UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 28  P 12: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PURPLE TUNNEL ENTERPRISES, INC., LOUIS G. SILVA JR., and ANTHONY D. FONTES III, *Plaintiffs*, | * * * * * |
| v. | * *   C.A. No. 04-10874-EFH |
| BEACON HALL, LLC, ERIK HALL MOSHER, JAMES M.F. GILMORE, DOUGLAS MASTER, and ANDREW P. PALMER, *Defendants*. | * * * * |

**PLAINTIFFS' MOTION (1) FOR REMAND TO STATE COURT, and (2) FOR AN ORDER TO SHORTEN THE TIME FOR DEFENDANTS TO FILE AN OPPOSITION**

Plaintiffs, Purple Tunnel Enterprises, Inc., et al. ("Purple Tunnel"), through counsel, move this court to remand this case to the Business Litigation Session of the Suffolk County, Massachusetts Superior Court, because not all the defendants have joined in the Notice of Removal that brought this case to the federal court. Purple Tunnel also moves for an order that the defendants must file and serve opposition papers, if any, within three business days of receipt of a copy of this motion (which will be served by hand on the date of filing). The short time frame is necessary and justified because (1) the defendants have no known defense to this motion; and (2) Purple Tunnel seeks immediate injunctive relief.

### I. BACKGROUND

This is an action for breach of a HyperTone™ franchise agreement. The franchisor, Purple Tunnel, seeks to recover damages for breach of a franchise agreement and to preliminarily and permanently restrain the defendants from operating a competing business in violation of a non-competition agreement and from using Purple Tunnel's confidential and

proprietary information. After defaulting under their HyperTone™ franchise agreement and having the agreement terminated, the defendants opened and now operate a competing business called "Studio 9 Body Design" from the very same location, using the very same equipment, servicing the very same clients, and using the very same marketing techniques that they obtained while operating a HyperTone™ franchise (see, e.g., Verified Complaint, ¶¶ 56-63). The defendants' refusal to honor the obligations in the franchise agreement forced Purple Tunnel to file suit and seek, among other things, immediate injunctive relief.

## II. PROCEDURAL BACKGROUND AND FACTS RELEVANT TO THIS MOTION

Purple Tunnel filed this action with the Business Litigation Session of the Suffolk Superior Court on April 22, 2004 seeking, among other things, a preliminary injunction to prevent the defendants from continuing to irreparably harm the plaintiffs. All defendants were duly served by April 27, 2004 (attached collectively as "Exhibit A" are true copies of the returns of service for all of the defendants). Purple Tunnel's motion for preliminary injunction was scheduled for hearing before Judge van Gestel on May 5, 2004. In an apparent attempt to avoid the impending preliminary injunction, some of the defendants, i.e., James M.F. Gilmore, Douglas Master, Andrew Palmer, and Beacon Hall, LLC, through their attorney Alec Sohmer, filed a Notice of Removal just two days before the hearing was to occur. Since then, this court has set a Scheduling Conference for September 21, 2004. Accordingly, without intervention by this court, Purple Tunnel will have to wait <u>four months</u> before its request for "immediate" injunctive relief may be addressed.[1]

---

[1] It is unclear whether the court will consider Purple Tunnel's motion for injunctive relief at this conference or hear it sooner.

## III. ARGUMENT

**A.     The Case Must be Remanded Because the Notice of Removal is Defective Insofar as Not All Defendants Have Joined or Assented**

This action should be remanded because the defendants' Notice of Removal is defective. "In cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition." Murphy v. Newell Operating Company, 245 F. Supp. 2d 316, 318 (D. Mass. 2003), *accord* In re Pharmaceutical Industry Average Wholesale Price Litigation, 307 F. Supp. 2d 190, 193 (D.Mass. 2004). "This 'rule of unanimity' requires that all defendants file their notice of removal or consent to removal within thirty days of being served." Id. *citing* Sansone v. Morton Machine Works, Inc., 188 F. Supp. 2d 183, 184 (D.R.I. 2002). "Failure to do so constitutes a 'defect in the removal procedure' and is grounds for remand." Id.

Defendant Erik Hall Mosher has not joined in the removal. "[M]ost courts have held more generally that the rule of unanimity requires that each defendant's consent 'be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days.'" Pharmaceutical Industry Average, 307 F. Supp. 2d at 193, *citing* Sansone, 188 F. Supp. 2d at 184 (collecting cases and finding that "overwhelming weight of authority require[es] that each defendant independently notify the court of its consent"). It appears that Mr. Mosher is not represented by the attorney for the other defendants. Further, it is questionable whether attorney Sohmer actually represents defendant Beacon Hall, LLC. Mr. Mosher is listed as the sole manager of Beacon Hall, LLC with the Secretary of State's office (attached as "Exhibit B" is the summary printout for Beacon Hall, LLC from the Corporations Division of the Massachusetts Secretary of State's Office). Because Mr. Mosher has not joined in the Notice of Removal, it stands to reason that Beacon Hall, LLC has not joined either. In any event, Mr. Mosher has not joined in the Notice of Removal and this fact alone renders it defective.

Even if the defendants now try to file a new Notice including all of the defendants, it will be ineffective, not having been filed within the statutorily prescribed thirty days. Pharmaceutical Industry Average, 307 F. Supp. 2d at 193.

Accordingly, this Court should immediately remand this case to the state court.

**B.   Fairness and Equity Dictate that the Defendants Should be Ordered to File any Opposition Papers Within Three Days**

Because time is of the essence and because the defendants have had the benefit of having Purple Tunnel's Verified Complaint and related papers for almost <u>one</u> <u>month</u>, the defendants should be required to file any opposition papers within three days of receiving this motion.

Purple Tunnel filed this action with the state court in April 2004 seeking immediate injunctive relief to stop defendants from (1) competing in violation of a non-competition clause, (2) using or disclosing Purple Tunnel's trade secrets or confidential information, and (3) retaining Purple Tunnel's confidential and/or proprietary information. Without injunctive relief, Purple Tunnel suffers irreparable harm every day. The defendants' continued violation of a non-competition clause by operating a competing business ("Studio 9 Body Design") from the premises, along with the continued use of Purple Tunnel's confidential and proprietary information, harms Purple Tunnel every day. The defendants are actively soliciting new clients and former HyperTone™ clients, as well as offering franchise opportunities, based on Purple Tunnel's protected ideas and information (see, e.g., Verified Complaint, ¶¶ 56-63).

The defendants were served with the Verified Complaint and related papers, including the motion for injunctive relief, on April 27, 2004. Therefore, the defendants have had the benefit of knowing Purple Tunnel's position for one month. Had they not filed the defective Notice of Removal, the defendants would have appeared before Judge van Gestel on May 5,

4

2004 in the state court at a hearing on Purple Tunnel's request for injunctive relief. The defendants cannot argue any prejudice from having the time to file an opposition shortened.

Accordingly, the interests of fairness and equity dictate that the defendants be ordered to file and serve any papers in opposition to this motion within three days of the motion being filed.

### IV.  CONCLUSION

For the foregoing reasons, the plaintiffs request that this case be remanded to the state court and that the defendants have three business days from receipt of this motion to file any opposition papers.

PURPLE TUNNEL ENTERPRISES, INC., et al.,

*By their attorneys,*

MORISI & OATWAY, P.C.

Dated: 5-28-04

Andrew C. Oatway, BBO #561885
Amanda P. O'Reilly, BBO #641378
Morisi & Oatway, P.C.
1400 Hancock Street, Third Floor
Quincy, MA 02169-5203
Tel: (617) 479-0400
Fax: (617) 479-6885

Local Rule 7.1 (a) (2) Certification

The undersigned counsel for the Plaintiffs hereby certifies that he/she has conferred or attempted to confer with the counsel for the Defendants in good faith to narrow or resolve the issues in the Motion.

Andrew C. Oatway

Certificate of Service

The undersigned counsel for the Plaintiffs hereby certifies that he/she has served a copy of the within motion on all counsel of record by hand/fax/first class mail/overnight mail on this 28 day of May, 2004.

Andrew C. Oatway

5