UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PURPLE TUNNEL ENTERPRISES, INC., | * | |
| LOUIS G. SILVA JR., and | * | |
| ANTHONY D. FONTES III, | * | |
|     *Plaintiffs*, | * | |
| | * | |
| v. | * | C.A. No. 04-10874-EFH |
| | * | |
| BEACON HALL, LLC, ERIK HALL MOSHER, | * | |
| JAMES M.F. GILMORE, DOUGLAS MASTER, | * | |
| and ANDREW P. PALMER, | * | |
|     *Defendants*. | * | |

**PLAINTIFF'S REPLY BRIEF TO
DEFENDANTS' OPPOSITION TO MOTION TO REMAND
and PLAINTIFFS' REQUEST FOR SANCTIONS**

Plaintiffs, through counsel, submit this brief memorandum in reply to defendants' opposition to their *Motion to Remand to State Court.* For the following reasons, and those stated in the *Plaintiffs' Motion (1) for Remand to State Court, and (2) for an Order to Shorten the Time for Defendants to File an Opposition*, and the *Affidavit of Lou Silva, In Support of the Plaintiffs' Reply Brief*, this case involving breach of a franchise agreement should be remanded to the Business Litigation Session of the Suffolk Superior Court.

The defendants' sole basis for opposing the motion to remand is that, allegedly, the defendants "inadvertently" omitted defendant Erik Mosher from any of the papers they filed in an attempt to remove the state court case to the federal court. Before a state court case can be removed to the federal court, the consent of each and every defendant must "be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days." *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 307 F. Supp. 2d 190, 193 (D.Mass. 2004) *citing Sansone v. Morton Machine Works, Inc.*, 188 F. Supp. 2d 183, 184 (D.R.I. 2002). A defendant's failure to unambiguously manifest consent constitutes a "defect in the

removal procedure" and is grounds for remand." *Sansone*, 188 F. Supp. 2d at 184. The thirty days passed on May 27, 2004. The defendants cannot show Mosher's consent until June 4, 2004 at the earliest.

### 1. None of the Defendants' Papers Support Their New "Theory" That Attorney Alec G. Sohmer "Inadvertently" Omitted Erik Mosher's Name

Here, the facts belie the defendants' belated attempt to avoid the required remand to the state court by claiming the omission of Erik Mosher's name on all papers filed in state court was "inadvertent." In fact, the defendants cannot point to anything in their notice of removal, including the cover letters, which show Erik Mosher was represented by the attorney for the other defendants. For example,

- The May 3, 2004 cover letter from Attorney Alec G. Sohmer to the Suffolk Superior Court states: "Please be advised that this office represents Defendants, Beacon Hall, LLC, James M.F. Gilmore, Douglas Master and Andrew P. Palmer, relative to the above."

- The notice of removal was filed by Attorney Alec G. Sohmer on behalf of "Defendants Beacon Hall, LLC, James M.F. Gilmore, Douglas Master and Andrew P. Palmer." *See* Title, introductory sentence, and the Rule 11 signature block to the Notice of Removal.

- The certificate of service on the Notice of Removal, signed under the pains and penalties of perjury, states: "I, Alec G. Sohmer, attorney for Defendants, Beacon Hall, LLC, James M.F. Gilmore, Douglas Master and Andrew P. Palmer hereby certify ...."

It is therefore disingenuous, at best, and sanctionable, at worst, for the defendants to now assert that their failure to include Mosher anywhere in their papers was "inadvertent."

### 2. Defendants Cannot Avoid the "Rule of Unanimity" through use of an Unsubstantiated Allegation by their Attorney

Even if the defendants could somehow circumvent the strictly interpreted and enforced statutory requirement that each defendant's consent be unambiguously expressed within thirty (30) days of the service date (the "rule of unanimity"), which is something the defendants should not be allowed to do, the defendants fail to present any admissible evidence showing that

defendant Mosher was represented by Attorney Alec G. Sohmer. Defendants' statement that "Mosher, did consent to removal of this action" (at second paragraph of their Opposition) should be stricken because it is not supported by affidavit and is therefore inadmissible.

3. **Plaintiffs' Evidence Shows that Defendant Mosher was Not Represented by Alec Sohmer Through June 4, 2004**

The Plaintiffs submit herewith the Affidavit of Lou Silva which shows that defendant Mosher affirmatively stated from mid-April 2004 through June 4, 2004 that he was not represented by Alec Sohmer. Further, not only did Mosher deny any representation by attorney Sohmer during this time, Mosher affirmatively stated that he would assist the plaintiffs in proving their case against the other defendants (all of whom are represented by attorney Sohmer). See, Silva Affidavit at pars. 5-8.

4. **Plaintiffs' Complaint Alleging the Defendants' Breach of a Franchise Agreement Primarily Involves Claims Under Massachusetts – Not Federal – Law**

Plaintiffs' *Verified Complaint* contains eight (8) counts that will be primarily resolved under Massachusetts law, e.g., breach of franchise agreement, interference with advantageous relations, default on a promissory note, and violation of G.L. c. 93A. Therefore, the defendants attempt to portray the instant matter as one based in federal law, is a mischaracterization at best and misleading at worst.

5. **Rule 11 Sanctions are Warranted**

Attorney Sohmer has signed a pleading containing material misrepresentations.

As recently as April 27, 2004, Mosher sent plaintiffs' attorney a letter stating that he had "separated [him]self from Andrew Palmer and intend[ed] to prove that he was the individual making all the decisions that adversely affected [the plaintiffs]. I have ample evidence and numerous witnesses to support the fact that Andrew is the culprit here." A copy of this letter is

attached to the Silva Affidavit as "Exhibit B." Not only did Attorney Sohmer not represent

Mosher when he filed the Notice of Removal, he could not have, as Mosher's interests were

adverse to attorney Palmer and the other defendants.

Quite simply, attorney Sohmer is not telling the truth and his conduct is subject to Rule

11 sanctions. This court should not permit this kind of misconduct and should sanction attorney

Sohmer to the fullest extent possible.

PURPLE TUNNEL ENTERPRISES, INC., et al.,

*By their attorneys,*

MORISI & OATWAY, P.C.

Dated: 6-7-04

Andrew C. Oatway, BBO #561885
Amanda P. O'Reilly, BBO #641378
Morisi & Oatway, P.C.
1400 Hancock Street, Third Floor
Quincy, MA 02169-5203
Tel: (617) 479-0400
Fax: (617) 479-6885

Certificate of Service

The undersigned counsel for the Plaintiffs hereby certifies that he/she has served a copy
of the within motion on all counsel of record by hand/fax/first class mail/overnight mail
on this ___ day of June, 2004.

Andrew C. Oatway