UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PURPLE TUNNEL ENTERPRISES, INC., <br> LOUIS G. SILVA JR., and <br> ANTHONY D. FONTES III, <br> *Plaintiffs*, <br><br> v. <br><br> BEACON HALL, LLC, ERIK HALL MOSHER, <br> JAMES M.F. GILMORE, DOUGLAS MASTER, <br> and ANDREW P. PALMER, <br> *Defendants*. | * <br> * <br> * <br> * <br> * <br> *  C.A. No. 04-10874-EFH <br> * <br> * <br> * <br> * <br> * |

**AFFIDAVIT OF LOU SILVA
IN SUPPORT OF PLAINTIFFS' REPLY BRIEF
REGARDING THEIR MOTION TO REMAND**

I, Lou Silva, state on personal knowledge and oath as follows:

1) I am a plaintiff in this matter and I the Clerk and a Director of plaintiff Purple Tunnel Enterprises, Inc.

2) In the days before April 20, 2004, defendant Erik Hall Mosher ("Mosher"), Purple Tunnel's President Anthony Fontes ("Fontes"), and I set-up a meeting to discuss his concerns about defendant Andrew P. Palmer and Mosher's status with Purple Tunnel as the owner of a former Hypertone™ franchisee.

3) On or about April 20, 2004, Mosher met with Fontes, me, and my attorneys Andrew C. Oatway and Amanda P. O'Reilly.

4) Among other things, at the April 20, 2004 meeting, Mosher signed a memorandum stating that he was "not represented by counsel." A copy of this memorandum is attached as "Exhibit A." At the meeting, Mosher discussed, among other things, serious concerns that he had with Andrew Palmer and attorney Alec Sohmer.

5) On or about April 27, 2004, Mosher sent my attorney Andrew C. Oatway a letter and he copied me on that letter. In his letter, Mosher states that he has "separated [him]self from Andrew Palmer and intend[s] to prove that he was the individual making all the decisions that adversely affected your clients. I have ample evidence and numerous witnesses to support the fact that Andrew is the culprit here." A copy of the letter attached as "Exhibit B."

6) Fontes and I continued to communicate with Mosher and to discuss possible avenues for him to help us present a case against the other defendants in the instant action.

7) On or about May 3, 2004, Mosher met with Fontes, me, and attorney Andrew C. Oatway and told us that he continued to be willing to assist us in proving our case against the other defendants in the instant action. Mosher mentioned that although attorney Alec Sohmer had called and offered to represent him, that he did not hire attorney Alec Sohmer or any other attorney to represent him.

8) Since then, Mosher appears to have had a change of heart as he is no longer interested in assisting Fontes and me in proving our case against the other defendants. On or about June 4, 2003, Fontes received an e-mail from Mosher wherein he states at paragraph four (4) that attorney "Alec Sohmer has offered to represent him." A copy of the e-mail is attached as "Exhibit C."

9) From mid-April 2004 through June 4, 2004, Mosher told us that he was not represented by attorney Alec Sohmer.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THE DATE SET FORTH BELOW

Dated: 6/8/04        By: _____
                          Louis G. Silva

2

# EXHIBIT A

**MEMORANDUM**

TO:     ANDREW C. OATWAY, ESQ.
        MORISI & OATWAY, P.C.

DATE:   APRIL 20, 2004

RE:     HYPERTONE™ Franchise Matter

Before we meet to discuss the above-referenced matter, this confirms the following:

1. I am not represented by counsel concerning the above-referenced matter, including by attorney Andrew Palmer.

2. I understand that you represent Anthony D. Fontes, III, Louis C. Silva, Jr., and Purple Tunnel Enterprises, Inc.

3. I understand that you will not give me legal advice or otherwise counsel me.

Thank you.

DATED:  4/20/04                    _____
                                   Erik Hall Mosher

# EXHIBIT B

Case 1:04-cv-10874-EFH    Document 15    Filed 06/08/2004    Page 5 of 9

# Studio 9
### body design

Tuesday, April 27, 2004

CERTIFIED MAIL:
7002 2410 0002 6784 8845
Return Receipt Requested

Andrew C. Oatway
Morisi & Oatway, P.C.
1400 Hancock Street
Quincy, MA 02169-5203

Dear Mr. Oatway,

I am writing this letter in response to our meeting last week and the summons that I received yesterday. I would like to thank you for the opportunity to come to your office last Tuesday in order to meet with you as well as Tony and Lou. Not knowing you, I was concerned that I would be met with a bit of enmity. I must say that your demeanor happily surprised me. You were amicable and you were a gentleman.

I now find myself in a unique position. I have discovered that your clients did indeed get a raw deal, to say the least. When I figured out the true nature of Andrew Palmer, I felt compelled to call Lou Silva – which I did. That conversation led to Tony Fontes calling me and setting up my meeting with you. I came and met with all of you because I want to see the right thing done.

I need you to know of some offers that I made to Tony and Lou (verbal offers):
1. I offered to corroborate their case in return for leniency. Though this "leniency" remained undefined, all I want to do is run my business.
2. I expressed that I was "open-minded" and would even consider merging businesses.
3. I offered to try to help them get their [item 3?] disclosure removed from their UFOC. I would be open to discussing some sort of reinstatement as a HyperTone franchise so that they could remove the black mark on their UFOC and continue selling franchises. This, no doubt, would be of great value to Tony, Lou, and their franchising company.
4. On this past Saturday, upon meeting with your clients again at their business location in Weymouth, I even told them that I would be interested in discussing the sale of my business back to them. I could see myself offering a great price in return for my clientele. I would even be willing to help my clients matriculate to a different location if necessary. I would be open to training my clients at the HyperTone studio if that is what it would take in order to transfer them over.

None of my offers brought much of a response. It appears that Tony and Lou wish to preserve the damages that they have incurred. If the motivation here is so that they might find restitution as a result of going after Andrew, then fine. As far as I go, I have no assets; I

---

781-659-7409  •  454 Washington Street (Rte. 53)  •  Norwell, MA 02061  •  www.studio9bodydesign.com



don't own a home, I don't own an automobile. A judgment against me would prove to be fruitless. Tony himself stated, "You can't get blood from a stone." I truly believe that I can do a lot to help Tony and Lou to be made whole, i.e. I am willing to sell the business back for a song. However, there surely has to be a limit to my generosity and willingness to cooperate.

I must repeat my assertion that I have done nothing wrong in my business dealings with Tony and Lou save this: I trusted my lawyer/business partner. I have separated myself from Andrew Palmer and intend to prove that he was the individual making all the decisions that adversely affected your clients. I have ample evidence and numerous witnesses to support the fact that Andrew is the culprit here.

I must let it be known that, even though I want to see Tony and Lou made whole, I will not lay down and let an injunction of my business go undisputed. At this point, I make my living and support my family via personal training. They (Tony and Lou) offered me a side agreement should an injunction be granted. As much as I would like to proceed in good faith with nothing more than a handshake, I think it would be imprudent of me to wait until an injunction is granted. I would then be subject to considerable leverage and I cannot allow that to happen. I must, therefore, make other arrangements. Not only will I fight vigorously to block an injunction, I will be prepared with an alternate means to service my clients should one be granted.

If an injunction is important to your case against Andrew and you would like some assistance in obtaining one, I will need some assurance that I will not be personally injured as a result. I would need an opportunity to service my clients elsewhere (perhaps at HyperTone) and an agreement to either be compensated as a contractor for a period of time or I would want to "sell" my clients to HyperTone.

My bottom line is simple. I do not want to walk away from 16 months of hard work with nothing to show for it.

Again, thank you for your hospitality last week. I wish we could have met under different circumstances. Please accept this letter as an additional, sincere attempt at communication.

Sincerely,

*Erik H. Mosher*

Erik H. Mosher
Studio 9 Body Design

Cc: Tony Fontes and Lou Silva c/o Copy Connect



RECEIVED MAR 29 2004

781-659-7409 • 454 Washington Street (Rte. 53) • Norwell, MA 02061 • www.studio9bodydesign.com

# EXHIBIT C

| Filters Used: | E-Mail Report | Date Printed: 6/08/2004 |
|---|---|---|
| 1 Tagged Record | Form Format | Time Printed: 8:50AM |
| | | Printed By: ACO |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | 6/04/2004 Time | 2:03PM | 2:03PM | Duration | 0.00 (hours) | Code | |
| Subject | Fwd: Our legal matter | | | | | Staff | Andrew C Oatway |
| Client | Anthony D. Fontes | | | MatRef | PurpleTunnel/Gen | MatNo | 627 |
| From | TFONTES3@cs.com | | | | | | |
| To | aco@morisi.com, apo@morisi.com | | | | | | |
| CC To | lou@copyconnect.com | | | | | | |
| Bcc To | | | | | | | |
| Reminders | | (days before) | Follow | Done | Notify | Hide | Trigger | Private | Status |
| User1 | | | | | User3 | | | | |
| User2 | | | | | User4 | | | | |

Here is Mosher's email to me. I should have followed my instincts...

In a message dated 6/4/2004 1:25:26 PM Eastern Daylight Time,
moshdaddy@peoplepc.com writes:
>
> Tony,
>
> I would like to thank you for your time in meeting with me. At this point I
> must admit that I fail to see any benefit in making a deal with you.
> Following are some of my reasons why:
>    1. First and foremost, I have not done anything wrong and I am not
> going to close down my business without being properly
> motivated/compensated.
>    2. Andrew Oatway told me that he would e-mail an agreement to me.
> He never did. He has not contacted me whatsoever.
>    3. Andrew Oatway told me that he himself would inform me of the
> date and time of any further court appointments. He did not. I had to find
> out about this action on Tuesday by Alec Sohmer who just stopped by my
> office.
>    4. Alec Sohmer has offered to represent me.
>    5. Your last barrage of e-mails referring to me selling some
> equipment and implying that I was trying to do something dubious has left a
> bed taste in my mouth. Again, I will tell you that you were wrong in your
> assumptions. I approached Joe at American Fitness back when I was still a
> HyperTone Franchise. My goal for months now has been to swap out some
> equipment. You accusing me of anything else simply floors me.
>
>
> Sincerely,
>
> Erik
> Erik Mosher
> Studio 9 Body Design
> (781) 659-7409
>

1